IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRANDON ANDREW WALL,

 Plaintiff,

v.            CV 114-199

DAVID JUNIOR MANSFIELD;
WILLIAMS MOVING COMPANY;
and VANLINER INSURANCE COMPANY,

 Defendants.

# ORDER

Presently before the Court is Defendants' motion for summary judgment (Doc. 28). For the reasons below, Defendants' motion is **DENIED**.

## I. BACKGROUND

On the morning of November 17, 2012, "a bright sunny morning" in Augusta, Georgia, Plaintiff Brandon Wall stopped by the Bojangles restaurant on Belair Road. (Wall Dep., Doc. 26-1, at 28, 37; Mansfield Dep., Doc. 30, at 4.) After purchasing multiple biscuits, Plaintiff, traveling alone in his 1994 Nissan pickup truck, then left the Bojangles' parking lot at approximately 7:40 a.m. and drove south on Belair Road toward the restaurant of which he was a co-owner, Diablo's Southwest Grill. (Wall Dep. at 8, 10, 27, 32, 70.) Because Plaintiff's

restaurant was located at 3668 Wheeler Road in Augusta, Georgia, Plaintiff turned from Belair Road onto Wheeler Road before driving over the bridge that hovers above Interstate Highway 20. (Id. at 29, 32.) However, soon after he crossed the bridge, Plaintiff crashed into a tractor-trailer that was parked in the lane in which he was traveling.[1] (Id. at 29, 33.) This tractor-trailer was being driven by Defendant David Mansfield who had parked in the roadway - in front of the storage facility where he was "getting ready to make a delivery" - because "there was nowhere [for him] to pull over."[2] (Mansfield Dep. at 15, 19-20.)

As a result of this collision, Plaintiff incurred injuries to his head, hip, and ankle, and his truck was totaled. (Wall Dep. at 39, 69.) Consequently, Plaintiff filed suit in the Superior Court for the County of Richmond, Georgia, on September 24, 2014, alleging that Defendant Mansfield was negligent in parking the tractor-trailer in Wheeler Road such that he, along with the tractor-trailer's owner, Defendant Williams Moving Company, and the tractor-trailer's insurer, Defendant Vanliner Insurance Company, should be liable for Plaintiff's damages.

---

[1] During his deposition, Plaintiff testified that, prior to the accident, he did not "see the tractor trailer that was parked in the right lane of Wheeler Road" or become "aware that the accident was about to happen." (Wall Dep. at 33.) Plaintiff also testified that he never "hit the brakes." (Id.)

[2] At the point at which the collision occurred, Wheeler Road was a four-lane road with two northbound lanes and two southbound lanes. (Wall Dep. at 33; Ex. 1, Doc. 32.) The lane in which Plaintiff was traveling was the far right southbound lane. (Id.)

2

(Compl., Doc. 1-1.) Subsequently, Defendants removed Plaintiff's case to this Court and ultimately filed the instant motion for summary judgment.[3] (Docs. 1, 28.) Since then, Plaintiff has filed a brief in opposition (Doc. 32) and Defendants have filed a reply brief (Doc. 34). Hence, Defendants' motion for summary judgment is now ripe for the Court's consideration.

## II. DISCUSSION

Defendants' motion for summary judgment will be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the contentions of the parties, the Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor," United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

---

[3] In compliance with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), the Clerk provided Plaintiff with notice of the summary judgment motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 29.)

3

Initially, the moving party bears the burden and must show the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex, 477 U.S. 317). Before evaluating the non-movant's response in opposition, the Court must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of

4

proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Instead, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this case, Plaintiff alleges that Defendant Mansfield breached his legal duty of care by parking his tractor-trailer in the right lane of traffic on Wheeler Road, thereby causing Plaintiff to collide with the tractor-trailer and suffer injuries. See Shortnacy v. N. Atlanta Internal Med., P.C., 556 S.E.2d 209, 213 (Ga. Ct. App. 2001) ("To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal

5

duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiffs' legally protected interest resulting from the breach."). However, with the instant motion, Defendants argue that Plaintiff's negligence claim should not move forward for two reasons. First, Defendants contend that Plaintiff has "presented no evidence on the critical issue of causation." (Defs.' Br., Doc. 28-1, at 4 (internal quotation marks omitted).) Second, as evidenced by the following excerpt from their brief, Defendants assert that Plaintiff has failed to exclude other possible causes of the collision:

> [Plaintiff] cannot exclude by his testimony or any other witness' testimony that he was not paying attention, or even that if he was paying attention, some other vehicle prevented him from changing lanes. Nor is there any explanation as to why Plaintiff simply did not stop before striking the trailer. He could have been speeding. He could have been not paying attention. He could have been distracted. He could have been eating his biscuit. He never braked. There is no evidence to exclude any number of other possibilities as the cause of this accident, because Plaintiff does not know, and a jury cannot guess or speculate.

(Id. at 7-8.)

Despite Defendants' arguments, Plaintiff, to survive summary judgment on the issue of causation in fact, need only "introduce evidence which affords a reasonable basis for the

6

conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." Wolfe v. Carter, 726 S.E.2d 122, 125 (Ga. 2012) (citation omitted). Put another way, Plaintiff, at this juncture, need only provide sufficient evidence to create a reasonable basis for a jury to conclude that but for Defendant Mansfield parking in the right lane of Wheeler Road, Plaintiff would not have incurred the injuries that he did. See Strength v. Lovett, 714 S.E.2d 723, 730 (Ga. Ct. App. 2011) ("To show that the wrongful conduct of the defendant is a cause in fact of his injuries, a plaintiff ordinarily must prove that, but for this conduct, he would not have sustained the injury."). Here, in light of the facts set forth above, Plaintiff has met this burden.[4] Moreover, while Plaintiff may have been comparatively negligent, "[c]ausation, and the related issues of assumption of risk and comparative negligence, are generally matters for the jury to decide, rather than the court." Swinney v. Schneider Nat'l Carriers, Inc., 829 F. Supp. 2d 1358, 1365 (N.D. Ga. 2011) (citing Atlanta

---

[4] In their brief in support of summary judgment, Defendants rely heavily upon the Georgia Court of Appeals' decision in Tuggle v. Helms, 499 S.E. 2d 365 (Ga. Ct. App. 1998). In Tuggle, because an automobile passenger did not present anything more than speculation as to how the automobile's driver lost control of the vehicle and thus caused the injuries that the passenger sustained, the court held that the passenger failed to present sufficient evidence as to breach and causation to withstand summary judgment. Id. at 368. However, unlike the passenger in Tuggle, Plaintiff has presented more than speculation as to breach and causation. Plaintiff has presented evidence suggesting (1) that Defendant Mansfield breached his duty of care by parking in Wheeler Road and (2) that this conduct was a cause in fact of the collision and Plaintiff's resulting injuries. For this reason, the Tuggle court's holding is inapplicable here.

7

Affordable Hous. Fund Ltd. P'ship v. Brown, 558 S.E.2d 827, 831 (Ga. Ct. App. 2002)). Accordingly, Plaintiff's case shall proceed forward to trial.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Defendants' motion for summary judgment (Doc. 28).

**ORDER ENTERED** at Augusta, Georgia, this 8th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA